**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-5028**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALLACE RANDOLF DANNER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CR-03-307-BR)

_____

Submitted:  July 22, 2005          Decided:  August 19, 2005

_____

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Walter H. Paramore, III, Jacksonville, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wallace Randolf Danner appeals from his conviction for possession of a firearm by a convicted felon. Danner contends that, at his Fed. R. Crim. P. 11 hearing, the district court erred by failing to inform him of the applicable minimum and maximum sentences to which he would be subject should he be classified as an armed career criminal. We affirm.

Because Danner did not assert a violation of Rule 11 in the district court, his claim is reviewed for plain error.[1] See United States v. Vonn, 535 U.S. 55, 60-63 (2002) (applying plain error standard of review where defendant moved to withdraw guilty plea but did not assert Rule 11 error in the district court). Four conditions must be met before this court will notice plain error: (1) there was error; (2) the error was plain under current law; (3) the error affected substantial rights, typically meaning that the error affected the outcome of the proceedings; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-37 (1993).

Applying the plain error test, we hold that the district court erred and that the error was plain. See Fed. R. Crim. P. 11(b)(1)(H), (I) (requiring district court to inform defendant in

---

[1]While Danner filed a motion to withdraw his plea, the motion was based on ineffective assistance of counsel, not on a Rule 11 violation.

open court about the applicable minimum and maximum sentences). However, we further find that the error did not affect Danner's substantial rights.

To establish that a district court's non-compliance with Rule 11 had an effect on substantial rights, a defendant must show a reasonable probability that, but for the error, he would not have entered the plea. United States v. Dominguez Benitez, 542 U.S. 74 (2004). Danner argues that he would not have pled guilty had he known that he could be sentenced as an armed career criminal. However, the record establishes that Danner was aware (from the plea agreement and the advice of his attorney) of the mandatory minimum and maximum sentences applicable to armed career criminals; he just believed that he was not an armed career criminal. The district court's advice regarding armed career criminal penalties would not have changed Danner's erroneous belief that Danner was not an armed career criminal and, hence, would not have affected his decision to plead guilty.[2]

---

[2]Whether Danner's erroneous belief was due to ineffective assistance of counsel, his own failure to be forthcoming about his criminal record, or an arguable issue of fact or law is not apparent on the record. However, the reason for Danner's mistaken belief is not relevant to the question of whether he would have pled guilty had the district court properly conducted the Rule 11 hearing. By Danner's own admission in his motion to withdraw his plea, he pled guilty because he was confident that he would not be classified as an armed career criminal, not because he was unaware that armed career criminal status carried harsher penalties.

Because Danner has not shown that, absent the court's error, he would not have pled guilty, he has failed to show that the court's plain error affected his substantial rights. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED